```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NAUTILUS INSURANCE COMPANY,

                                Plaintiff,

            -against-                                    06-CV-3350

ADVENTURE OUTDOORS, INC. and                             MEMORANDUM
WALLACE & WALLACE, INC.,                                 & ORDER

                                Defendants.
----------------------------------------------------------x
```

JACK B. WEINSTEIN, Senior District Judge:

I.   **Introduction**

In this action for a declaratory judgment, defendants move to dismiss the plaintiff's amended complaint for lack of personal jurisdiction. The parties have consented that if the court finds that it does not have personal jurisdiction over the defendants, the case should not be dismissed and should instead be transferred to the United States District Court for the Northern District of Georgia. For the reasons set forth below, (1) the court does not have personal jurisdiction over defendants in this action; and (2) on consent of the parties, the Clerk of the Court is directed to transfer the case to the United States District Court for the Northern District of Georgia.

II.  **Factual Background**

This action was filed in July 2006. It arises from an insurance company's assertion that there is no coverage to the insured in a lawsuit filed by the City of New York ("the City") in the United States District Court for the Eastern District of New York in May 2006. See City of New York v. A-1 Jewelry & Pawn Shop, Inc., No. 06-CV-2233 (E.D.N.Y.) ("A-1"). In the A-1 action, the City sued fifteen out-of-state firearm retailers after it allegedly documented the

1

regular arrival of illegally possessed guns into New York City which had been sold by firearm retailers in other states.

The City alleges that guns sold by these retailers "are recovered from prohibited persons in New York City in numbers that far exceed recoveries for other comparably-situated gun dealers." See A-1, Amended Complaint ("Amended Comp.") ¶ 22, Docket Entry No. ("A-1 Docket Entry No.") 234. As part of its investigation prior to suing, the City allegedly assessed the current willingness of each of the sued retailers to enter into "straw" purchases by apparent buyers standing in for the real buyers, a practice known to speed guns through the illegal interstate market to New York City. See Id. ¶¶ 58-63. The City's original complaint contained five causes of action: (1) public nuisance; (2) statutory nuisance; (3) negligence per se; (4) negligence; and (5) negligent entrustment. See A-1, Compl. ¶¶ 271-310, A-1 Docket Entry No. 1. Adventure Outdoors, Inc. ("Adventure) is a defendant in the A-1 action; Wallace & Wallace, Inc. ("Wallace") is not.

In June 2005, Nautilus Insurance Company ("Nautilus") issued a commercial general liability policy apparently insuring Wallace's business as a pawnshop proprietor at a number of specified locations. See Nautilus Ins. Co. v. Adventure Outdoors, Inc., No. 06-CV-3350 (E.D.N.Y.) ("Nautilus"), Amended Compl. ¶¶ 15, 16, Docket Sheet for No. 06-CV-3350 ("Nautilus Docket Entry") No. 19. It appears that Adventure is one of the stores insured by the Wallace-Nautilus insurance policy. See Nautilus, Amended Compl. ¶ 11 ("All of [Adventure] Outdoors' activities . . . are alleged to have originated at its 'storefront establishment' in Smyrna, Georgia, i.e., 2295 South Cobb Drive, Smyrna, Georgia 30080") (quoting A-1 Amended Compl. ¶ 30, attached as Ex. A to Nautilus Amended Compl.); Wallace-Nautilus Insurance Policy, attached as Ex. B to Nautilus Amended Compl. at 3 (listing 2295 South Cobb Dr., Smyrna,

Georgia 30080 as owned, rented or occupied by Wallace). Adventure seemingly is owned by Wallace.

In the instant action, Nautilus seeks a declaration that no coverage is afforded to Adventure and Wallace by the insurance policy for the claims made and relief sought in the City's lawsuit against Adventure in the A-1 action. On October 19, 2006, Adventure and Wallace moved to dismiss for lack of personal jurisdiction. See Defendants' Motion to Dismiss the Original Complaint dated Oct. 19, 2006, Nautilus Docket Entry No. 11. By letter dated November 13, 2006, Nautilus, with defendants' consent, requested an adjournment of the motion to dismiss until the court decided the then-pending motion to dismiss for lack of personal jurisdiction by Adventure in the underlying A-1 action. See Letter by Nautilus dated Nov. 13, 2006, Nautilus Docket Entry No. 14. That request was granted on November 14, 2006. See Order dated. Nov. 14, 2006, Nautilus Docket Entry No. 15.

By Memorandum and Order dated August 15, 2007, the court held that it can exercise personal jurisdiction in the A-1 action over Adventure pursuant to New York's long arm statute – New York Civil Practice Law and Rules ("CPLR") 302(a)(3). See A-1, 501 F. Supp. 2d 369 (E.D.N.Y. 2007), reconsideration denied by Order dated Sept. 27, 2007, A-1 Docket Entry No. 280.

The City then amended its complaint as to Adventure by dropping its three negligence causes of actions. Adventure moved to dismiss the amended complaint for lack of personal jurisdiction; that motion was denied on December 18, 2007. See A-1, Memorandum and Order dated Dec. 18, 2007, A-1 Docket Entry No. 402.

In the instant action, Nautilus amended its complaint to reflect the City's amendments to the complaint in the A-1 action. See Nautilus, Amended Compl., Nautilus Docket Entry No. 19.

3

Adventure and Wallace renewed their motion to dismiss for lack of personal jurisdiction. See Defendants' Motion to Dismiss the Amended Complaint dated Nov. 21, 2007, Nautilus Docket Entry No. 20. A hearing was held on December 19, 2007.

### III. Law on Personal Jurisdiction

A defendant may move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(2). Personal jurisdiction in diversity cases is determined in accordance with the law of the forum state, subject to federal due process constraints. See Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990). The burden of proving jurisdiction is on the party asserting it. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). The plaintiff's burden on a motion to dismiss for lack of jurisdiction is to establish the substantial likelihood that all the elements of personal jurisdiction can be proven by a preponderance of evidence at trial. See, e.g., Peterson v. Spartan Indus., Inc., 33 N.Y.2d 463 (N.Y. 1974) (burden to obtain discovery on jurisdictional facts); 2 Harold L. Korn et al., NEW YORK CIVIL PRACTICE, § 302.12 (2d ed. 2005) ("the plaintiff has the burden ultimately of proving beyond a preponderance of the evidence that jurisdiction over the defendant's person . . . has been properly obtained").

There are two concepts of personal jurisdiction: general and specific. See e.g., Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 (1984). The statutory law of the forum state – New York – provides for both general and specific personal jurisdiction. See CPLR 301-302. For general jurisdiction, i.e., exercise of jurisdiction over any dispute involving the party, plaintiff's cause of action need not arise out of defendant's contacts with the forum state – rather, the defendant's contacts with the state must be substantial. See CPLR 301 (permitting exercise of such jurisdiction over "persons, property, or status as might have been

exercised heretofore."); Simonson v. Int'l Bank, 200 N.E.2d 427, 436-37 (N.Y. 1964) (Fuld, J.) (noting that a court can exercise personal jurisdiction over unlicensed foreign corporations that are "doing business" in New York). For specific jurisdiction, i.e., specific only to those cases in which the defendant's contacts with the state are not substantial, the plaintiff's cause of action must arise out of defendant's contacts with the state which, although not substantial, satisfy the state's long arm statute. See CPLR 302.

Personal jurisdiction over Wallace and Adventure is asserted under CPLR 302, providing as follows:

> [A]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> . . . .
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> . . . .
>
>   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

CPLR 302(a). Jurisdiction is granted only "[a]s to a cause of action arising from any of the acts enumerated in [the] section." Id.

In addition to satisfying the requirements of New York's jurisdictional provision, plaintiff must show that personal jurisdiction over the defendant will not violate the federal due process clause. Due process analysis requires that: (1) the defendant have sufficient "minimum contacts" with the forum state to justify the exercise of personal jurisdiction, and (2) the assertion of jurisdiction is reasonable under the circumstances. See Int'l Shoe Co. v. Washington, 326 U.S.

5

310 (1945); Helicopteros, 466 U.S. 408; Metro. Life Ins., 84 F.3d 560. "A court deciding whether it has jurisdiction over an out-of-state defendant under the Due Process Clause must evaluate the 'quality and nature' of the defendant's contacts with the forum state under a totality of the circumstances test . . . ." Best Van Lines, Inc., v. Walker, 490 F.3d 239, 242 (2d Cir. 2006) (citations omitted).

Where the "general" jurisdiction of the court is invoked, the plaintiff must establish the defendant's "continuous and systematic general business contacts with the forum." Helicopteros, 466 U.S. at 416. If "specific" jurisdiction is asserted, the "minimum contacts" requirement is satisfied by a showing that the defendant 'purposefully directed' his activities so as to affect forum residents and that the suit arises out of those activities. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985).

## IV.  Application of Law to Facts

In order for the court to exercise personal jurisdiction over Wallace and Adventure under New York's long arm statute, Nautilus must show: (1) that its cause of action arises from a defendants' tortious act outside of New York; (2) that defendants' tortious activity caused injury to person or property within New York; (3) that defendants expect or should reasonably expect the act to have consequences in the state; and (4) that defendants derive substantial revenue from interstate or international commerce. See CPLR 302. Nautilus then must satisfy the requirements of the federal due process clause. See Burger King, 471 U.S. at 472.

Nautilus's argues that since the court has held that it can exercise personal jurisdiction over Adventure in the A-1 action, see A-1, 501 F. Supp. 2d 369, it can therefore exercise personal jurisdiction over both Adventure and Wallace in the instant Nautilus action. See

6

Nautilus's Memorandum of Law in Opposition to Motion to Dismiss dated Nov. 30, 2007 at 5-6, Nautilus Docket Entry No. 21. While beguiling, the argument does not persuade.

Nautilus's claim is based upon a contractual dispute between an Arizona based insurance company and two Georgia based parties, not upon a tort action in which Adventure's and Wallace's conduct outside of New York caused tortious injury to Nautilus within New York. The fact that Adventure is a defendant in a nuisance action in New York in which personal jurisdiction is based on New York's long arm statute does not mean that New York courts can exercise personal jurisdiction over Adventure or its alleged owner Wallace in any action. The court does not have personal jurisdiction over Adventure and Wallace in this action.

The finding in the A-1 action of tortious conduct for jurisdictional purposes does not – and is not intended to – constitute a finding of tort for substantive purposes. How Adventure's and Wallace's conduct should be characterized for insurance purposes is not an issue before this court.

## V.     Transfer

At the December 19, 2007 hearing, Nautilus, Adventure and Wallace consented that if the court finds that it does not have personal jurisdiction over Adventure and Wallace in this action, the case should be transferred to the United States District Court for the Northern District of Georgia in lieu of a dismissal.

The decision whether to transfer or dismiss "lies within the sound discretion of the district [c]ourt." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); see Songbyrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 (2d Cir. 2000) ("[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or

section 1404(a)."). Lack of personal jurisdiction does not prevent a court from transferring the case. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). See also 28 U.S.C. §§ 1404, 1406, 1631.

## VI. Conclusion

This court does not have personal jurisdiction over Adventure and Wallace. On consent of the parties, the Clerk of the Court shall transfer the case to the United States District Court for the Northern District of Georgia.

SO ORDERED.

Jack B. Weinstein
Senior United Stated District Judge

Dated: December 27, 2007
Brooklyn, New York